**EXHIBIT A**

| | |
|---|---|
| JUDY LYONS | 15TH JUDICIAL DISTRICT COURT |
| | DOCKET NO.: 2011 5636 F |
| VERSUS | |
| | * PARISH OF LAFAYETTE |
| ANN KNIGHT, MARK KNIGHT, | |
| KELLY KNIGHT SOBIESK, AND | * STATE OF LOUISIANA |
| KNIGHT OIL TOOLS, INC. | |

CLERK OF COURT LAFAYETTE PARISH, LA
2011 SEP 26 AM 10:04

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## PETITION FOR DAMAGES

## REQUEST FOR TRIAL BY JURY

NOW INTO COURT, through undersigned counsel, comes Judy Lyons, a person of the full age of majority and domiciliary of the Parish of Lafayette, Louisiana, who respectfully represents as follows:

1.

Made Defendants herein and indebted unto Plaintiff for any and all damages as are reasonable under the premises, with legal interest from the date of judicial demand until paid, are the following:

    A. Ann Knight, a person of the full age of majority and domiciliary of Lafayette Parish, Louisiana, who can be served at 106 Shannon Road, Lafayette, Louisiana 70503; and

    B. Mark Knight, a person of the full age of majority and domiciliary of Lafayette Parish, Louisiana, who can be served at 534 Beaullieu Drive, Lafayette, Louisiana 70508; and

    C. Kelly Knight Sobiesk, a person of the full age of majority and domiciliary of Harris County, Texas, who can be served through Long Arm Service at 3402 Amherst Street, Houston, Texas 77055; and

    D. Knight Oil Tools, LLC (previously named "Knight Oil Tools, Inc."), a Louisiana limited liability company organized under the laws of the state of Louisiana, which can be served through its appointed agent for service of process, Dean Cole, 2727 S. E. Evangeline Thruway, Lafayette, Louisiana 70508 (hereinafter "Knight Oil Tools").

2.

This honorable Court has both personal and subject matter jurisdiction over the parties and the claims asserted herein.

3.

Venue of this honorable Court is appropriate under La. C.C.P. Art. 42, Art. 73, and Art. 72.

### *Common Facts*

4.

Judy Lyons is an independent consultant and colorist who provides a wide variety of services relating to interior and exterior structures and environments. She performs custom services including interior decorating, selection and installation of furniture, art work, floor coverings, window treatments, and numerous other items. She oversees renovation and construction projects. She is also a master at creating original surface designs, such as painting, finishes, faux finishes, and other custom surfaces.

5.

Judy Lyons provided services to the Defendants for many years, including preparing for parties, decorating their personal homes in Louisiana and Texas, overseeing renovation projects, and looking after condominiums in Houston and New Orleans.

6.

In the performance of her work, Judy Lyons generally paid third-party vendors herself. She would then invoice the total cost of the work she performed, including the cost of vendors and contractors, to the Knights.

7.

Judy Lyons was always been instructed by the members of the Knight family to submit her invoices to Knight Oil Tools for payment. Ms. Lyons was always paid with company funds through Knight Oil Tools regardless of whether the services she provided related to personal property of members of the Knight family or company owned properties.

8.

Between the years 2002 and 2005, Judy Lyons performed extensive work for Defendants. For all of the work performed, the goods delivered, and the contractors and suppliers used during the period of 2002 to 2005, Judy Lyons was paid, both for herself and the vendors with whom she had contracted for goods and services, in the manner described above, through checks issued with company funds from Knight Oil Tools.

9.

Throughout the time that Judy Lyons provided services to Knight Oil Tools and the members of the Knight family, all amounts which she invoiced, and for which she was paid, were appropriate, reasonable, and substantiated by actual goods and services provided. All

amounts which were paid to Judy Lyons regarded either expenses incurred by her from vendors and contractors, or commissions and pay earned by her.

10.

Beginning in 2005, Defendants began to operate as an association-in-fact, and organized to engage in a series of illegal acts for unlawful gain.

11.

On September 20, 2005, a Petition for Monies Due was filed and initiated by Defendants, and filed through Knight Oil Tools, a conspiring member of the association. (Exhibit 1) In the Petition for Monies Due, Knight Oil Tools falsely alleged that Judy Lyons committed the crime of "forgery." The Petition for Monies Due also falsely alleged the following:

> Plaintiff, Knight, further avers that it was determined that the invoices submitted by Defendant, Lyons, to Plaintiff, Knight, for payment for work and purchases were for work and purchases that were never accomplished by Defendant, Lyons, or any person associated with her. Accordingly, such invoices which allegedly supported said Defendant's request for the aforementioned 36 checks will be submitted as evidence in this case, were also fabricated and fraudulent.

12.

In the Petition for Monies Due, Defendants also conspired to allege that Judy Lyons, through fraud and criminal forgery, "illegally obtained" and stole $640,305.92 from Knight Oil Tools. The allegation was false.

13.

The Petition for Monies Due also constituted an attempt to unlawfully collect and extort money from Judy Lyons which was not due and which Defendants knew was not due. The Defendants had no cause to believe that Judy Lyons was legally obligated to reimburse them for the $640,305.92 in furniture, artworks, renovations, services and other items and services which Defendants received. Defendants actually received, possessed and owned all items and services provided in exchange for the money which was the object of the lawsuit. The abuse of the legal system by Defendants, in concert with one another as an enterprise, was an attempt, through an action with no basis in law, to obtain money which Defendants knew they had no right to obtain.

14.

In an additional act in furtherance of the unlawful enterprise, Defendants, acting in concert with each other, also executed false affidavits and used those false affidavits to initiate a false and malicious criminal prosecution.

15.

The allegations of criminal activity, criminal forgery, fraud and theft made by Defendants, individually and in association with each other, against Judy Lyons in connection with the Petition for Monies Due were false, and known by Knight Oil Tools and its principal members to be false, at the time they were made. The civil lawsuit against Judy Lyons was initiated by Knight Oil Tools in bad faith and in furtherance of an illegal enterprise.

16.

Defendants, individually and in association with one another, also unlawfully acted in furtherance of the illegal enterprise, in an attempt to profit, by falsely reporting to government agencies that the amounts paid to Judy Lyons for goods and services actually constituted theft or fraud by Judy Lyons. This false report was made by Knight Oil Tools to the Internal Revenue Service and the Louisiana Department of Revenue on its fiscal year 2004 and 2005 tax returns as a corporate tax deduction for "unauthorized expenses."

17.

The actions of the Defendants continued until June 14, 2011, when the civil lawsuit filed against Judy Lyons was dismissed by Order of the Court.

18.

Throughout the course of the false and malicious civil lawsuit against Judy Lyons, Defendants did not identify a single payment or invoice which was submitted by Judy Lyons which was "false" or "fraudulent." Defendants did not identify any payment which was made to Judy Lyons which was not absolutely earned by Ms. Lyons or used to pay vendors. Defendants did not identify a single act of fraud or theft of any kind.

***Claims***

19.

The actions of the Defendants in initiating and maintaining a false and malicious lawsuit in an effort to attempt to collect money unlawfully which did not constitute a lawful debt constitutes malicious prosecution under Louisiana law. The civil lawsuit was maliciously commenced by Defendants based upon false assertions without probable cause. These tortious acts subject Defendants to liability for all damages sustained by Judy Lyons.

20.

The actions of the Defendants also constitute defamation under Louisiana law. The false allegations of criminal actions constitute defamation *per se*. The defamation subjects Defendants to liability for all damages sustained by Judy Lyons.

22.

The actions of Defendants, individually and in association with one another, also constitute a violation of 18 USC § 1962. Defendants acted together to form an enterprise which engaged in multiple unlawful acts over a sustained period of time in an attempt to enrich themselves unlawfully by attempting to take money from Judy Lyons which was not owed to Defendants, and to enrich themselves by false reporting based upon the false and unlawful allegations against Judy Lyons.

### *Damages*

23.

Because of the actions of the Defendants, Judy Lyons' personal and professional lives were devastated. Her professional career and personal and professional reputations were destroyed. These losses will continue for the indefinite future.

24.

Ms. Lyons has also suffered extensive debilitating physical injuries as well as a result of the overwhelming stress of her losses and injuries to her reputation. This physical deterioration has progressed to the point that her treating physician has advised her that her pancreas is no longer functioning. She has sustained medical damages and pain and suffering and will continue to sustain these damages in the future.

25.

Judy Lyons has also suffered extreme emotional and mental distress. The mental anguish suffered by Ms. Lyons has manifested itself such that she has been diagnosed with a panic disorder, and post-traumatic stress disorder, including feelings of impending doom, and flashbacks. The loss of her reputation and business has also compounded her emotional and mental damages.

26.

The publication of the false allegations of the Defendants, the false prosecution, and the other illegal acts of the Defendants have destroyed Judy Lyons' business, and caused severe and extensive financial losses, past and future.

27.

Judy Lyons also had to expend money to defend against the false allegations and false prosecution. She has had to pay attorneys to defend her against these false allegations in the Petition for Monies Due. She has also incurred significant medical bills to treat her deteriorating physical and mental condition, and will continue to incur these expenses in the future. In addition to the complete destruction of her business and total loss of income, Judy Lyons has incurred enormous expenses as a direct result of the illegal acts and enterprise of the Defendants.

28.

To summarize, Judy Lyons has sustained, and claims herein, the following categories of damages:

   A.   Business and income loss, past, present and future;

   B.   Medical bills and expenses, past, present and future;

   C.   Cost of attorney fees and expenses in defending against the false prosecution;

   D.   Damages for damage to and loss of reputation, past, present and future;

   E.   Damages for physical pain and suffering, past, present and future;

   F.   Damages for mental and emotional injuries and suffering, past, present and future; and

   G.   Any other category of damages based upon the evidence at trial.

29.

In addition, because the actions of Defendants violated 18 USC § 1962, Plaintiff, Judy Lyons, also pleads for threefold damages, costs of suit and attorney fees under 18 USC § 1964.

30.

The amount of damages sustained by Judy Lyons substantially exceeds the jurisdictional requirement to obtain a trial by jury on the issues and claims raised herein. Judy Lyons prays for a trial by jury to decide all of the factual issues herein.

WHEREFORE, premises considered, Judy Lyons prays that the Defendants cited herein be duly served and required to answer this Petition, that after all legal delays and due proceedings had, that there be judgment in favor of Judy Lyons for the full extent of her damages as deemed reasonable under the circumstances, multiplied threefold, for all legal interest and costs incurred, including attorney fees, and for all general and equitable relief.

Respectfully Submitted:

BREAUD & MEYERS

_[signature]_

ALAN K. BREAUD, Bar Roll No. 3420
TIMOTHY W. BASDEN, Bar Roll 21469
Post Office Box 3448
Lafayette, Louisiana 70502
(337) 266-2200
Attorneys for Plaintiff, Judy Lyons

Of Counsel:

JASON W. ROBIDEAUX, Bar Roll# 19390
1313 Lafayette Street
Lafayette, Louisiana 70501
(337) 291-9444
Attorney for Plaintiff, Judy Lyons

**PLEASE SERVE:**

Knight Oil Tools, LLC.,
through its appointed agent for service of process,
Dean Cole,
2727 S. E Evangeline Thruway
Lafayette, Louisiana 70508

Ann Knight,
106 Shannon Road
Lafayette, Louisiana 70503;

Mark Knight,
534 Beaullieu Drive
Lafayette, Louisiana 70508;

**ALSO PLEASE PREPARE LONG-ARM CITATION FOR:**

Kelly Knight Sobiesk,
3402 Amherst Street
Houston, Texas 77055

| | | |
|---|---|---|
| JUDY LYONS | * | 15TH JUDICIAL DISTRICT COURT |
| | * | DOCKET NO.: _____ |
| VERSUS | | |
| | * | PARISH OF LAFAYETTE |
| ANN KNIGHT, MARK KNIGHT, KELLY KNIGHT SOBIESK, AND KNIGHT OIL TOOLS, INC. | * | STATE OF LOUISIANA |

*******************************************************************

## VERIFICATION

STATE OF LOUISIANA

PARISH OF LAFAYETTE

BEFORE ME, the undersigned authority, personally came and appeared:

**JUDY LYONS**

who, after being duly sworn, did depose and say that she is the Plaintiff appearing in the attached Petition, that she has read the above and foregoing Petition for Damages, and that all of the allegations of fact contained therein are true and correct to the best of her knowledge, information and belief.

_____
JUDY LYONS

SWORN TO AND SUBSCRIBED before me, this 26th day of September, 2011.

_____
NOTARY PUBLIC

| | | |
|---|---|---|
| JUDY LYONS | * | 15TH JUDICIAL DISTRICT COURT |
| | * | DOCKET NO.: _____ |
| VERSUS | | |
| | * | PARISH OF LAFAYETTE |
| ANN KNIGHT, MARK KNIGHT, KELLY KNIGHT SOBIESK, AND KNIGHT OIL TOOLS, INC. | * | STATE OF LOUISIANA |

*******************************************************************

## ORDER

Considering the request for trial by jury by Plaintiff, Judy Lyons:

IT IS ORDERED that Plaintiff, Judy Lyons, try this matter before a jury upon posting of a jury bond, with good and solvent surety, in the amount of $_____, to cover the additional costs of a jury herein, within the time delay specified in the Louisiana Code of Civil Procedure, and the Rules of this Court.

THUS DONE AND SIGNED at Lafayette, Louisiana, this _____ day of _____, 2011.

_____
DISTRICT JUDGE

| | | |
|---|---|---|
| JUDY LYONS | * | 15TH JUDICIAL DISTRICT COURT |
| | * | DOCKET NO.: _____ |
| VERSUS | | |
| | * | PARISH OF LAFAYETTE |
| ANN KNIGHT, MARK KNIGHT, KELLY KNIGHT SOBIESK, AND KNIGHT OIL TOOLS, INC. | * | STATE OF LOUISIANA |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## REQUEST FOR NOTICE OF DATE OF TRIAL, ETC.

TO THE COURT of the Fifteenth Judicial District Court in and for the Parish of Lafayette, Louisiana:

Please take notice that Alan K. Breaud, Timothy W. Basden and Jason W. Robideaux attorneys for Plaintiff, Judy Lyons, do hereby request written notice of the date of trial of the above matter as well as notice of hearings (whether on merits or otherwise), orders, judgments and interlocutory decrees, and any and all formal steps taken by the parties herein, the Judge or any member of Court, as provided in Louisiana Code of Civil Procedure of 1960, particularly Articles 1572, 1913 and 1914.

Respectfully Submitted:

BREAUD & MEYERS

ALAN K. BREAUD, Bar Roll # 3420
TIMOTHY W. BASDEN, Bar Roll # 21469
Post Office Box 3448
Lafayette, Louisiana 70502
(337) 266-2200
Attorneys for Plaintiff, Judy Lyons

Of Counsel:

JASON W. ROBIDEAUX, Bar Roll #19390
1313 Lafayette Street
Lafayette, Louisiana 70501
(337) 291-9444
Attorney for Plaintiff, Judy Lyons